**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PROTECT THE PUBLIC'S TRUST          )
712 H Street, N.E.                  )
Suite 1682                          )
Washington, D.C. 20002,             )
                                    )
              Plaintiff,            )
                                    )
v.                                  )          Civil Case No. 1:25-cv-362
                                    )
U.S. AGENCY FOR INTERNATIONAL       )
DEVELOPMENT                         )
1300 Pennsylvania Avenue, NW        )
Washington, D.C. 20004,             )
                                    )
              Defendant.            )
_____ )

## COMPLAINT

1.      Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S.

Agency for International Development ("USAID") under the Freedom of Information Act, 5

U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel USAID's compliance

with the FOIA's requirements.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. §§ 1331.

3.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §

1391(e).

## PARTIES

4.      Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in

government by promoting the fair and equal application of the rules and standards of ethical

conduct to all public servants.  Consistent with Justice Brandeis's aphorism that "Sunlight is said

to be the best of disinfectants, electric light the most efficient policemen," PPT seeks to promote

transparency and broadly disseminate information so that the American people can evaluate the

integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S

MONEY AND HOW BANKERS USE IT. (1914), https://louisville.edu/law/library/special-

collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5.      Defendant USAID is a federal agency within the meaning of FOIA, 5 U.S.C. §

552(f)(1).  USAID has possession, custody, and control of records responsive to Plaintiff's FOIA

request.

## STATEMENT OF FACTS

### Request 1: F-00189-22

6.      On May 4, 2022, PPT submitted a FOIA request to USAID (attached as Exhibit A)

seeking the following records:

1. All communications, documents, and other records from January 20, 2021 through
   the date this request is processed, from Natasha Bilimoria or any other political
   appointee regarding the inclusion of the $290 million to Gavi, the Vaccine Alliance
   to: "reach children with cost-effective vaccines to accelerate progress towards
   preventing child deaths" as mentioned in the FY 2023 President's budget. This
   proposal was included in a White House Fact Sheet titled "FACT SHEET: The
   Biden Administration's Historic Investment in Pandemic Preparedness and
   Biodefense in the FY 2023 President's Budget."[1] These records should include
     a. Any communications discussing Gavi, the Vaccine Alliance or other
        nonprofits or NGOs considered for the proposed funding both within
        USAID and between employees in USAID and staff within the White House
        Office of Science and Technology Policy (OSTP) or members of the
        Pandemic Innovation Task Force.
     b. Communications involving any political appointees within USAID,
        Natasha Bilimoria, and staff at the White House, OSTP, or the Pandemic
        Innovation Task Force regarding the mention of Gavi or the proposed
        expenditure in the White House Fact Sheet identified above.

---

[1] https://www.whitehouse.gov/briefing-room/statements-releases/2022/04/07/fact-sheet-the-
biden-administrations-commitment-to-global-health-in-the-fy-2023-presidents-budget/

     c.   Any records related to the development of criteria for determining eligibility to receive funding to "reach children with cost-effective vaccines to accelerate progress towards preventing child deaths."

7.     Release of these records is in the public interest because it will contribute to the public's understanding of USAID and senior Biden Administration officials' efforts to promote vaccines, including the COVID-19 vaccine, in children.

8.     On May 4, 2022, USAID sent an email to PPT acknowledging receipt of the request and assigning the request number #F-00189-22 (attached as Exhibit B).

9.     On May 4, 2022, USAID sent an email to PPT saying the status of request number #F-00189-22 had been updated to "Received" (attached as Exhibit C).

10.     On May 4, 2022, USAID sent an email to PPT saying the status of request number #F-00189-22 had been updated to "Assigned for Processing" (attached as Exhibit D).

11.     On May 6, 2022, USAID sent an email to PPT saying the status of request number #F-00189-22 had been updated to "In Process" (attached as Exhibit E).

12.     On June 17, 2022, PPT sent USAID an email requesting a status update or estimated timeline for producing records responsive to request number #F-00189-22 (attached as Exhibit F).

13.     On August 12, 2022, PPT sent USAID an email requesting a status update or estimated timeline for producing records responsive to request number #F-00189-22 (attached as Exhibit G).

14.     On August 15, 2022, USAID responded to PPT's August 12, 2022, email identifying Samantha Anderson as the FOIA specialist assigned to the request and stating that PPT should reach out to Ms. Anderson for future status updates.

15.    On December 27, 2022, PPT sent USAID an email asking if there were any new updates on request number #F-00189-22 (see Exhibit H).

16.    On January 3, 2023, a USAID official asked another USAID official by email to provide an update to PPT on request number #F-00189-22 (see Exhibit H).

17.    On January 5, 2023, a USAID official emailed PPT and said USAID would provide an update on request number #F-00189-22 on or before January 12, 2023 (see Exhibit H).

18.    On January 5, 2023, a USAID official emailed PPT and said USAID was experiencing a backlog of requests. USAID did not provide a schedule or anticipated date of response (see Exhibit I).

19.    The USAID has been silent regarding request number #F-00189-22 since January 5, 2023.

20.    To date, USAID has not sent PPT a response to the request or a timeline or estimate for when it will do so, or any other communication regarding the request.

21.    Over 1000 days have elapsed since USAID first received request number #F-00189-22, yet USAID still has not made a determination with respect to it.  *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).  USAID has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determination.

22.    Given these facts, USAID has not met its statutory obligations to provide the requested records.

23.     Through USAID's failure to make a determination within the time period required

by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial

review.

**Request 2: #F-00232-22**

24.     On June 20, 2022, PPT submitted a FOIA request to USAID (attached as Exhibit

J) seeking the following records:

1.  All communications, documents, and other records from January 20, 2021 through the
    date this request is processed, from any USAID employee regarding the inclusion of
    $500 million to the Coalition for Epidemic Preparedness Innovations (CEPI) "to
    support innovating science and technological capabilities to shorten the cycle for
    development of safe, effective, and affordable vaccines" in the FY 2023 President's
    budget. This proposal was included in a White House Fact Sheet titled "FACT SHEET:
    The Biden Administration's Historic Investment in Pandemic Preparedness and
    Biodefense in the FY 2023 President's Budget.[2] These records should include:
    a.  Any communications discussing CEPI or other non-profits or NGOs considered
        for the proposed funding both within USAID and between employees in
        USAID and staff within the White House Office of Science and Technology
        Policy (OSTP) or members of the Pandemic Innovation Task Force.
    b.  Any discussions among staff within USAID and between employees in USAID
        and staff at the White House, OSTP, or the Pandemic Innovation Task Force
        regarding the mention of CEPI or the proposed expenditure in the White House
        Fact Sheet identified above.
    c.  Any records related to the development of criteria for determining eligibility to
        receive funding to "support innovating science and technological capabilities to
        shorten the cycle for development of safe, effective, and affordable vaccines."

25.     Release of these records is in the public interest because it will contribute to the

public's understanding of USAID and senior Biden Administration officials' efforts to promote

vaccines, including the COVID-19 vaccine, in children.

---

[2] https://www.whitehouse.gov/briefing-room/statements-releases/2022/03/28/fact-sheet-the-
biden-administrations-historic-investment-in-pandemic-preparedeness-and-biodefense-in-the-fy-
2023-presidents-budget/.

26.     On June 20, 2022, USAID sent an email to PPT acknowledging receipt of the request and assigning the request number #F-00232-22 (attached as Exhibit K).

27.     On June 20, 2022, USAID sent an email to PPT saying the status of request number #F-00232-22 had been updated to "Received" (attached as Exhibit L).

28.     On July 6, 2022, USAID sent an email to PPT saying that request number #F-00232-22 was being placed on hold due to the request not adequately describing the records sought (attached as Exhibit M).

29.     On July 12, 2022, PPT sent USAID an email clarifying request number #F-00232-22 (see Exhibit M).

30.     On July 12, 2022, USAID sent PPT confirmation that it has received PPT's clarified request (see Exhibit M).

31.     On July 12, 2022, USAID sent PPT an email saying the status of request number #F-00232-22 had been updated to "Received" and "Assigned for Processing" (attached as Exhibit N).

32.     On September 2, 2022, PPT sent USAID an email requesting a status update #F-00232-22 (see Exhibit M).

33.     On September 6, 2022, USAID sent PPT an email informing PPT that request #F-00232-22 had been assigned to FOIA specialist Samantha Anderson but did not provide an update (see Exhibit M).

34.     On December 27, 2022, PPT sent USAID an email requesting a status update #F-00232-22 (see Exhibit M).

35.     On December 27, 2022, PPT received an auto-response stating that Samantha Anderson was no longer employed at USAID (attached as Exhibit O).

36.     On January 3, 2023, a USAID representative directed PPT's request for an update to another staff member (see Exhibit M).

37.     On January 5, 2023, a USAID official emailed PPT and said USAID would provide an update on request number #F-00232-22 on or before January 12, 2023 (see Exhibit M).

38.     On January 5, 2023, a USAID official emailed PPT and said USAID was experiencing a backlog of requests. USAID did not provide a schedule or anticipated date of response (see Exhibit I).

39.     On January 10, 2023, USAID emailed PPT and stated #F-00232-22 had been updated to "In Process" (see Exhibit P).

40.     The USAID has been silent regarding request number #F-00232-22 since January 10, 2023.

41.     To date, USAID has not sent PPT a response to the request or a timeline or estimate for when it will do so, or any other communication regarding the request.

42.     Over 960 days have elapsed since USAID first received request number #F-00232-22, yet USAID still has not made a determination with respect to it. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). USAID has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determination.

43.     Given these facts, USAID has not met its statutory obligations to provide the requested records.

### Request 3: IHR amendments

7

44.    On February 12, 2024, PPT submitted a FOIA request to USAID (attached as

Exhibit Q) seeking the following records:

> From January 20, 2021, through the date this request is processed, records of
> communications to, from, and including USAID officials on the list below
> regarding the 2022 and 2024 International Health Regulations with:
>
> 1.  Employees at the World Health Organization (email domain: 'who.int') and
>     the United Nations (email domain 'un.org') regarding the 2022 and 2024
>     International Health Regulations.
> 2.  Officials at the White House (email domain: 'eop.gov').
>
> Officials:
> a)  Administrator, Samantha Power
> b)  Chief of Staff, Dennis Vega
> c)  Deputy Administrator for Policy and Programming, Isobel Coleman
> d)  Director, Officer of Infectious Disease, Paul Mahanna
> e)  Assistant Administrator, Bureau for Humanitarian Assistance, Sarah
>     Charles
> f)  Director, Center for Innovation Impact, Global Health, Rachel Wood
> g)  Director, Office of Country Support, Global Health, Karla Fossand
> h)  Assistant Administrator, Legislative and Public Affairs, Jodi Herman
> i)  Assistant Administrator, Global Health, Atul Gawande
> j)  Director, Office of Health Systems, Mai Hijazi
> k)  Deputy Assistant Administrator, Global Health, Julie Wallace
> l)  Deputy Assistant Administrator, Global Health, Nidhi Bouri
> m)  Deputy Assistant Administrator, Global Health, Sangita Patel

45.    Release of these records is in the public interest because it will contribute to the

public's understanding of the health priorities federal officials are advocating for internationally.

46.    On February 5, 2025, PPT sent USAID an email to USAID requesting a tracking

number for the request and a status update (attached as Exhibit R).

47.    To date, USAID has not sent an acknowledgement of the request, tracking number,

timeline, or any other communication regarding the request.

48.    Over 360 days have elapsed since USAID first received this request, USAID has

still not even acknowledge the request, let alone made a determination with respect to it.  *See*

*Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).
USAID has not produced responsive documents to PPT, has not communicated the scope of the
documents it intends to produce or withhold—along with the reasons for any withholding—and
has not informed PPT of its ability to appeal any adverse portion of its determination.

49.    Given these facts, USAID has not met its statutory obligations to provide the
requested records.

## Request 4: Global Health Security Strategy

50.    On April 29, 2024, PPT submitted a FOIA request to USAID (attached as Exhibit
S) seeking the following records:

> From January 20, 2022, through the date this request is processed, records
> of communications to, from, and including the list of officials concerning
> the Global Health Security Strategy.
>
> Officials:
> a)  Atul Gawande, Assistant Administrator
> b)  Julie Wallace, Deputy Assistant Administrator
> c)  Nidhi Bouri, Deputy Assistant Administrator
> d)  Sangita Patel, Deputy Assistant Administrator
> e)  Carmen Coles, Deputy Assistant Administrator
> f)  David Walton, U.S. Global Malaria Coordinator

51.    Release of these records is in the public interest because it will contribute to the
public's understanding of the health priorities federal officials are advocating for internationally.

52.    On February 5, 2025, PPT sent USAID an email to USAID requesting a tracking
number for the request and a status update (see Exhibit R).

53.    To date, USAID has not sent an acknowledgement of the request, tracking number,
timeline, or any other communication regarding the request.

54.     Over 283 days have elapsed since USAID first received this request, USAID has still not even acknowledge the request, let alone made a determination with respect to it.  *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). USAID has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determination.

55.     Given these facts, USAID has not met its statutory obligations to provide the requested records.

### Request 5: F-00376-24

56.     On June 7, 2024, PPT submitted a FOIA request to USAID (attached as Exhibit T) seeking the following records:

> 1.  From December 1, 2022, through the date this request is processed, records of communications to, from and including the list of officials regarding the use of indigenous knowledge in the "USAID and Indigenous Genetic Resources."

Officials:
a)  Administrator, Samantha Power
b)  Acting Deputy Administrator for Management and Resources, Dennis Vega
c)  Deputy Administrator for Policy and Programming, Isobel Coleman
d)  Counselor, Clinton D. White
e)  Chief of Staff, Rebecca Chalif
f)  Assistant to the Administrator, Adetola Abiade
g)  Assistant Administrator, Colleen Allen
h)  Director, Kimberly Ball
i)  Executive Secretary, Laila ElGohary
j)  Chief Information Officer, Jason Gray
k)  Chief Financial Officer, Reginald W. Mitchell
l)  Senior Advisor for Climate Change, Candace M. Vahlsing
m)  Advisor on Indigenous Peoples in the Inclusive Development Hub, Vy Lam
n)  Indigenous Peoples Program Specialist, Sandra Lazarte

57.     Release of these records is in the public interest because it will contribute to the public's understanding of the government's public health priorities internationally.

58.    On January 22, 2025, USAID sent an email to PPT assigning the request the number #F-00376-24 and updating its status to "In Progress" (attached as Exhibit U).

59.    To date, USAID has not sent a timeline or other communication regarding the request.

60.    Over 244 days have elapsed since USAID first received this request, yet USAID has still not made a determination with respect to it.  *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).  USAID has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determination.

61.    Given these facts, USAID has not met its statutory obligations to provide the requested records.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

62.    PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

63.    PPT's requests were properly submitted requests for records within the possession, custody, and control of USAID.

64.    USAID is an agency subject to FOIA and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

65.    USAID is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

11

66.    USAID's failure to provide all non-exempt responsive records violates FOIA.

67.    Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring USAID to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Plaintiff PPT respectfully requests this Court:

A. Assume jurisdiction in these matters and maintain jurisdiction until Defendant USAID complies with the requirements of FOIA and any and all orders of this Court.

B. Order USAID to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's requests and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

C. Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

D. Grant PPT other such relief as the Court deems just and proper.


Dated: February 7, 2025                    Respectfully submitted,

                                           PROTECT THE PUBLIC'S TRUST

                                           By Counsel:
                                           /s/ Karin M. Sweigart
                                           Karin M. Sweigart
                                           D.D.C. Bar ID: CA00145
                                           DHILLON LAW GROUP, INC.
                                           177 Post Street
                                           Suite 700
                                           San Francisco, CA 94108
                                           415-433-1700
                                           Email: ksweigart@dhillonlaw.com

                                           Jacob William Roth

D.D.C. Bar ID: 1673038
DHILLON LAW GROUP, INC.
1601 Forum Plaza, Suite 403
West Palm Beach, Florida 33401
Telephone: 561-227-4959
JRoth@Dhillonlaw.com

*Counsel for the Plaintiff*